11 WILLIAMS, Judge.
The plaintiffs, James and Janice Hix, appeal a judgment rendered in favor of the defendants, Dimension Development Company, Inc., d/b/a Holiday Inn 1-20 Downtown, Damien Kennedy and Employers Insurance of Wausau. The jury found that the hotel’s employees were not negligent at the time of the plaintiffs’ accident. For the following reasons, we affirm.
FACTS
On July 2, 1994, the plaintiffs, James Hix and his wife, Janice Hix, were visiting Shreveport, Louisiana, and staying at the Holiday Inn Downtown hotel, which is owned by the defendant, Dimension Development Company. The hotel provides courtesy vans to transport customers to various locations in the city. That evening, James and Janice Hix, her father, Hoyt Hefner, and his friend, Jean Cappen, decided to visit a casino. At approximately 11:00 p.m., they boarded a courtesy van by stepping on a Rubbermaid plastic stool placed on the ground by the driver, Damien Kennedy, a hotel employee. The group rode to Harrah’s Casino. Kennedy parked, opened the van door and placed the stool on the ground so that the passengers could step out of the van. A notice affixed to the stool states: “CAUTION: For indoor use only; Not to exceed' 300 lbs.”
At trial, the plaintiffs testified that James Hix, who weighed approximately 335 pounds at the time, stepped down onto the stool, it buckled, he lost his balance and landed awkwardly on his feet. Mr. Hix then twisted around and injured his back as he attempted to warn his wife about the hazard. However, Janice Hix had already begun to step down. The stool collapsed and she fell backward into the van, injuring her right knee and her left wrist. Hefner and Cappen stepped from the van to the stool without incident. The group continued into the casino and gambled for several hours before returning on the van to the hotel.
The next morning, Mr. Hix reported the accident to Michael Clevinger, the ^hotel’s maintenance supervisor. At that time, Mr. Hix stated that his wife had injured her knee in an accident, but did not mention that he had been hurt. He declined medical treatment for his wife. On July 4, 1994, the plaintiffs returned home to Waxahachie, Texas. Mr. Hix went to work at Tejas Hydraulics the next day and continued working until August 12, 1994, when he was laid off due to a shutdown.
Mr. Hix sought medical treatment for severe back pain on July 27,1994. He saw Dr. Keith Wixtrom, a general practitioner, and was referred to Dr. Kelvin Gill, an orthopedic surgeon. Mr. Hix complained of chronic low back pain that was aggravated when the stool threw him off balance as he stepped from the van. An x-ray showed that Mr. Hix had degenerative disc disease and Bertalotti Syndrome, a congenital low back problem. An MRI indicated a bulging disc at the L2-3 and L5-S1 levels. These conditions pre-ex-isted the accident. All other tests were negative. Dr. Gill recommended conservative treatment consisting of exercise and weight loss.
Mr. Hix sought a second opinion from Dr. Handal, an orthopedic surgeon. The results of a neurological exam of his lower extremities and deep tendon reflexes were normal. In September 1994, Hix saw Dr. John Coon, a neurosurgeon. Mr. Hix was next referred to Dr. D. Heitzman, who performed an EMG that was inconclusive. A myelogram and CT scan showed only the pre-existing conditions. *914 A second MRI, performed in August 1995, did not show any additional degenerative changes. The results of Mr. Hix’ second EMG were, essentially normal. He was also examined by Dr. Anil Nanda, a Shreveport neurosurgeon, who opined that Hix would not be able to resume physical labor.
Janice Hix first sought medical treatment for her injuries in September 1994. She saw Dr. Brett Thacker with a complaint of swelling in the lower left leg. A week later, she was examined by Dr. Howard Moore. Mrs. Hix gave a Rmedical history of prior left knee problems and stated that she’ had injured her right knee two months earlier falling from a stool.
The plaintiffs filed this action for damages against the defendants, Damien Kennedy, Dimension Development Company d/b/a Holiday Inn 1-20 Downtown and its insurer, Employers Insurance, of Wausau. After a trial, the jury found that an injury producing accident involving James and Janice Hix occurred on July 2, 1994. However, the jury further found that defendants were not negligent. The trial court rendered a judgment in favor of the defendants, dismissing plaintiffs’ claims. The plaintiffs appeal.
DISCUSSION
In two assignments of error, the plaintiffs argue the trial court erred in finding that defendants were not negligent at the time of the accident. Plaintiffs contend that the plastic step stool was unsafe for use by'individuals of their weight stepping down from a van.
To determine whether liability exists in a particular case, the plaintiff must prove that the conduct in question was the eause-in-fact of the resulting harm, that the defendant owed plaintiff a duty of care which was breached, and that the risk of harm was within the scope of protection afforded by the duty. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318. A court of appeal may not set aside a jury’s finding of, fact in the absence of manifest error or unless it is clearly wrong. Reasonable evaluations of credibility and inferences of fact should not be disturbed upon review. Stobart v. State, 617 So.2d 880 (La.1993).
In the present case, the plaintiff, James Hix, testified that as he stepped down onto the stool he felt movement, a stool leg collapsed and he was “catapulted” to the pavement, landing awkwardly on his feet. Hix stated that he injured his back as he turned to look at his wife, but he did not feel pain at the time. Hix testified that he felt increasing back pain during the following two Uweeks after the accident and was unable to lift heavy objects at work. Hix stated that his persistent pain prevented him from performing the type of work he had done before the accident. Hix acknowledged that he had previously experienced periodic lower back pain as a result of strenuous work activity.
Janice Hix testified that she and her husband were hurrying to get out of the van and that when she stepped down onto the stool, it “gave way,” causing her to fall and twist her right leg. Mrs. Hix stated that when she returned to the hotel from the casino, she applied ice to her knees because they were sore. The next morning, she felt pain in her right knee, which grew worse during the next two months. Mrs. Hix acknowledged that several times in 1993 and in June 1994, she had sought medical treatment for episodes of dizziness.
In his deposition, Dr. Thacker stated that in March 1994, he examined James Hix, who complained of lower back pain. Dr. Thacker ordered an x-ray, which showed a narrowing of the L5-S1 disc space, and diagnosed James Hix as having degenerative disc disease. Dr. Moore, testifying by deposition, opined that Mrs. Hix’ degenerative knee problems existed prior to the accident in July 1994. Dr. Moore testified that due to her pre-existing condition, when Mrs. Hix stepped down onto stairs or steps with her left leg, the pain reflex could restrict her muscle from contracting and cause her to fall. ' .
The plaintiffs’ mechanical engineering expert, Dale Anderson, Ph.D., photographed the stool used by the hotel and conducted tests with the same type of plastic stool. Dr. Anderson testified that a 325-pound person stepping down onto the stool would cause the *915 top of it to move approximately one inch relative to the legs, and that such motion under a person’s feet would feel unstable. He observed that when a stool leg collapses or bends, a light-colored band remains at the point of failure as a permanent discoloration. Dr. Anderson opined that the hotel’s plastic stool was “not suited” for a heavy person stepping down onto it from a van. |6However, Dr. Anderson acknowledged that he did not see a band of discoloration on any of the legs of the hotel stool in question, indicating that they did not fail or collapse. In fact, during Anderson’s videotaped demonstration with a similar stool, its legs did not collapse when he repeatedly stepped down onto the stool from a van while wearing a vest that increased his weight to 325 pounds.
The plaintiffs contend that the hotel’s employees knew of the stool’s 300-pound weight and use restrictions and were negligent in using the stool outdoors and in allowing plaintiffs to step on the stool. Clevinger, the' maintenance supervisor, testified that he purchased the stool with the understanding that it was safe for a weight of 300 pounds. He acknowledged that a greater load was not recommended and that the stool was meant for indoor use. However, the plaintiffs did not present evidence establishing that the hotel employees knew the plaintiffs’ weight. In addition, Mrs. Hix weighed less than the stool’s stated limit and there was no physical evidence that the stool had failed or collapsed at the time of the accident, despite testimony by Mr. Hix that his weight exceeded the restriction.
The plaintiffs assert that Kennedy was negligent in failing to assist them out of the van, in violation of the hotel’s policy regarding the duties of van drivers. Although Kennedy stated that he did not recall the plaintiffs or the incident, he testified that he offered to assist every passenger out of the van as a requirement of his job.
The jury heard the conflicting testimony, weighed the credibility of the witnesses and considered the medical evidence. The trial judge instructed the jury that the hotel’s standard of care included the duty to maintain its premises in a reasonably safe condition and this instruction was not in error. The jury found that although an accident occurred on July 2; 1994, neither the hotel nor its employees were negligent. On the basis of the testimony and evidence at trial, the jury could have reasonably concluded that the accident was the result of other factors, such as Rthe pre-existing degenerative weakness of Mrs. Hix’ left leg, a possible episode of dizziness, or the jury may have believed that the plaintiffs stumbled in their haste to get out of the van.
After reviewing the entire record, we cannot say the jury was clearly wrong in finding that neither the condition of the stool nor the defendants’ conduct was a cause-in-fact of the resulting harm to the plaintiffs. The assignments of error lack merit.
In concluding that the record contains ample evidence to support the jury’s verdict finding that defendants were not liable for the injuries of James and Janice Hix, we pretermit a discussion of the plaintiffs’ remaining assignments of error concerning their claims for damages.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellants, James and Janice Hix.
AFFIRMED.